UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ME TECHNOLOGY, INC. d/b/a CAA USA,
a New York corporation,

Plaintiff,

v.

MOSHE OZ, an individual, and CAA
INDUSTRIES LTD., an Israeli corporation,

    Defendants.

_____)

## COMPLAINT

Plaintiff ME TECHNOLOGY, INC. d/b/a CAA USA, a New York corporation, sues defendants MOSHE OZ, an individual, and CAA INDUSTRIES LTD., an Israeli corporation, for damages for breach of contract and libel, and states:

## PARTIES

1. Plaintiff ME Technology, Inc. ("CAA USA") is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located in Pompano Beach, Broward County, Florida, and it does business under the trade name "CAA USA."

2. Defendant Moshe Oz is a citizen of Israel who is domiciled in Israel. He is the co-founder and, upon information and belief, President or CEO of Defendant CAA Industries Ltd.

3. Defendant CAA Industries Ltd. ("CAA Israel") is a corporation organized and existing under the laws of Israel. Its principal place of business is located in Qiryat Gat, Israel.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of New York and Florida, whereas Defendants are citizens of a foreign state, and the amount-in-controversy is in excess of $75,000.

5. This Court has personal jurisdiction over the defendants because they committed tortious acts within this State, namely publishing false and defamatory statements about CAA USA on the internet, which statements were accessible and accessed in Florida; because they are parties to a contract to be performed in this State; and because they caused injury to persons within the state arising out of an act by the defendants outside the state, and at the time of the injury, the defendants were engaged in solicitation activities within the state, or products manufactured by the defendants in Israel were used within this state in the ordinary course of commerce or trade. Ex. A, Stock Sale and Settlement of Claims Agreement (hereinafter "Agreement"). In addition, the court has jurisdiction over the defendants because the contract at issue contains a forum selection clause in which the defendants agreed to jurisdiction in Broward County, Florida for claims arising under the Agreement. *Id*. In addition, the court has jurisdiction over the defendants because they are engaged in substantial and not isolated activity within the state, namely, the marketing and sale of tactical accessories as described below.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

7. CAA USA markets and sells tactical accessories, optics, tools, and upgrades for firearms in Florida and throughout the United States, including through its website,

caagearup.com.

8. Among CAA USA's offerings are pistol-to-carbine conversion kits called the MCK. The MCK is manufactured in the USA. The main component of such kits is a gun housing into which a handgun is inserted. Once inserted into the housing, the handgun has the appearance of a carbine. The housing also provides a platform for the attachment of sights, lights and other accessories.

9. CAA Israel makes competing products, including a conversion kit called the "Micro-Roni."

10. CAA Israel advertises and sells its products through a website called YRSinc.com, which claims to be an American-based company and the official US distributor for CAA Israel products. As such, YRSinc.com is an agent of CAA Israel.

11. Moshe Oz was, until on or about April 15, 2020, a minority shareholder of CAA USA, owning 24.5% of the company. Ex. A, at 1. On that date, with execution of the Agreement and its related documents, Moshe Oz transferred his ownership to the majority owners of CAA USA. His brother, Eldad Oz, also transferred at that time his 24.5% ownership in CAA USA to the majority owners.

12. In addition, the Agreement settled numerous lawsuits then pending between the parties. *Id.* ¶ 6. Among those lawsuits was a suit by CAA USA against Moshe Oz and CAA Israel alleging that the latter were defaming CAA USA by falsely claiming that the MCK conversion kit was unsafe. Such claims had been published in a variety of fora, including on the website of CAA Israel's official US dealer, YRSinc.com.

13. Accordingly, in the Agreement, the parties agreed to the following detailed and explicit non-disparagement covenants.

v) <u>Future Competition between MET, Stellcon, and CAA Israel.</u>

(1) Parties understand and agree that MET and Stellcon on the one hand, and CAA Israel on the other hand are presently competitors and will remain competitors in the future. Parties understand that, except as expressly provided herein, nothing in this Agreement shall be interpreted as a restraint on the future competition of these entities, geographically or otherwise.

(2) To promote healthy competition, Parties hereby agree to a mutual non-disparagement clause. Specifically, each of the Parties, MET, Stellcon, CAA Israel, and Command Arms agrees not to make, publish, or communicate to any person or entity or in any public forum, any defamatory or disparaging remarks, comments, or statements concerning the other beneficiaries of this Section, or any of them, or their products. Nothing in this Section shall be deemed to preclude a factually true statement relating to the superiority of a product or a product feature manufactured by one company as compared to a similar product or feature manufactured by the other. By way of example, one party could make a statement to the effect that its product is "safer," but not that the other party's product is "unsafe" or "dangerous."

(3) To effectuate the provisions set forth in Section 4(e)(v)(2), CAA shall remove from any and all websites, including but not limited to its website and the website of YRS Inc., all letters and references to CAA USA and its products, including without limitation claims that MCK products violate CAA's intellectual property rights or are unsafe in any manner. All entities, including MET, Stellcon, CAA Israel, and Command Arms will post on their own and controlled websites a neutral statement, to be agreed upon prior to the date of Closing, to the effect that MET and Stellcon on the one hand, and CAA Israel and Command Arms on the other hand, are no longer affiliated, have reached amicable terms of separation, and have no claims vis-à-vis each other and their respective lines of products. That statement will also be available in response to all third-party inquiries.

Agreement ¶ 4(e)(v).

14. Shortly after the Agreement was executed, Moshe Oz and CAA Israel began

violating their non-disparagement covenants by publishing defamatory and disparaging remarks on the website of their exclusive US distributor, YRSinc.com.

15.   In or around October 2020, CAA USA became aware that Moshe Oz and CAA Israel published a letter to "customers" on the YRSinc.com website. That letter falsely stated that CAA USA was violating CAA Israel's patents and trademarks. It also falsely stated that MCK sellers cannot utilize the "trademarks" RONI or MICRO-RONI in their marketing materials in any fashion. In fact, there was and is no restriction on CAA USA or its resellers using the names RONI or MICRO-RONI. In the Agreement, the parties agreed to a limited restriction on the use of the names RONI and MICRO-RONI:

> [A]t no time following the date of Closing shall Buyers, MET, or Stellcon or any of them, or any of their successors-in-interest, name or mark any product manufactured by them with the brands "Roni" or "Micro Roni."

Agreement ¶ 4(e)(iv). The use of the names RONI and MICRO-RONI other than in that specifically prohibited manner was permitted by the Agreement.

16.   On October 5, 2020, CAA USA sent a demand that Moshe Oz and CAA Israel remove the letter from the YRSinc.com website and cease and desist from any further publication of that letter or other false, disparaging and defamatory statements about CAA USA and its products. Ex. B.

17.   But Moshe Oz and CAA Israel persisted, and went further. In December 2020, CAA Israel learned that Moshe Oz and CAA Israel were continuing to publish the false and defamatory letter on the YRSinc.com website, and that they were stating directly to potential business associates of CAA USA that the MCK violates CAA Israel's patents and trademarks. Such statements were clearly false because CAA Israel specifically recognized in the Agreement that CAA USA would continue to manufacture and sell the MCK and utilize the trademarks and

5

brands of CAA USA.

18. On December 29, 2020, CAA USA demanded that Moshe Oz and CAA Israel cease and desist from further statements to anyone to the effect that CAA USA's manufacture, marketing and sale of its products, including the MCK, violates CAA Israel's patents or other intellectual property. Ex. C.

19. In February 2021, CAA Israel learned that Moshe Oz and CAA Israel had published other false, defamatory and disparaging statements against CAA USA and its products, by running an advertisement on a website owned by Botach, Inc. that stated "UNLIKE THE COPYCAT CAA MCK THAT HAS NO TRIGGER GUARD."

20. On February 24, 2021, CAA USA demanded that Moshe Oz and CAA Israel cease and desist its defamatory and disparaging remarks by removing the referenced advertisement. Ex. D.

21. Most recently, Moshe Oz and CAA Israel published the following on the YRSinc.com website:

> **Warning!!!** Lately, a conversion kit that looks like the Micro Roni has surfaced in the US under the name "MCK"; The MCK is unsafe and dangerous to use, it doesn't include a trigger guard (which already caused an unintended discharge last week) and is not related to CAA at all!
>
> I'm repeating,
>
> **MCK is not a CAA product!**, whoever sells it uses their good name to attract sales which is a clear **violation ofCAA trademark**.
>
> Read the following letter to from Moshe Oz, Founder & President of CAA Industries Ltd. that proves the statements above:
>
> **Letter from Moshe Oz**

Ex. E (formatting in original).

22. On another product page on the YRSinc.com website, Moshe Oz and CAA Israel published the following:

### Attention!

As you might have heard, the MCK was advertised as "The Next Generation of the Micro Roni", however, this is not true – the MCK **is not** a CAA Industries product and doesn't utilize the Micro Roni patent. MCK is made by "ME Technologies" under the name CAA Gearup; "ME Technologies" and CAA Gearup do not represent CAA Industries and the Micro Roni, they cannot sell or warrant them.

**YRSInc is the official distributor** of CAA  Industries, RONI, and Micro Roni **patented** products.

Read the following letter to from Moshe Oz, Founder & President of CAA Industries Ltd. that further explain the statements above:

### Letter from Moshe Oz

Ex. F (formatting in original).

23. The referenced "Letter from Moshe Oz" (the "Letter") hyperlinked to a webpage with a letter, also published by Moshe Oz and CAA Israel on the YRSinc.com website, that stated, *inter alia*: "Only CAA Industries resellers are allowed to use the trademarks RONI and MICRO-RONI.  Resellers of the MCK are requested to remove the trademark RONI from their marketing and product pages." Ex. G.

24. To be clear, CAA Israel does NOT have a trademark for the name "CAA." Moreover, CAA Israel expressly acknowledged in the Agreement that ME Technology, Inc. was operating and selling its products under the name "CAA," and agreed that it was and would continue to be permissible for it to do so.

25. All conditions precedent to suit, if any, have been satisfied or occurred.

## COUNT I—BREACH OF CONTRACT

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

25 as if set forth herein.

27. The statements published by Moshe Oz and CAA Israel constitute breaches of the Agreement's non-disparagement covenants. The statement "MCK is unsafe and dangerous to use" is false. The statement that the lack of a trigger guard "already caused an unintended discharge last week" is false. The statement "MCK is not a CAA product, whoever sells it uses their good name to attract sales which is a clear violation of CAA trademark" is false. The statement that CAA Gearup (*i.e.*, CAA USA) "cannot sell or warrant" the Micro-Roni product is false. The statement in the Moshe Oz letter published on the YRSinc.com website that "only CAA Industries resellers are allowed to use the trademarks RONI and MICRO RONI" is false. In addition to the falsity of the foregoing statements, those statements are clearly disparaging to CAA USA, and go beyond the permissible language established in the Agreement by the parties to describe the settlement of the disputes among them.

28. The breaches are material. The non-disparagement covenants were essential to the Agreement, and the violations alleged are not mere technical or inadvertent misstatements.

29. As a result of the breaches, CAA USA has been damaged.

WHEREFORE, ME Technology, Inc. d/b/a CAA USA demands judgment in its favor and against Moshe Oz and CAA Industries Ltd. awarding it damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## COUNT II—LIBEL
### (False Allegations of Sale of a Dangerous Product)

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if set forth herein

31. The statements on the YRSinc.com webpage that CAA USA is selling a product which is "unsafe," "dangerous to use," and "a danger to the public" because the product does

not have its own "trigger guard" are false and defamatory of CAA USA and are disparaging to its MCK product.

32. The statement that MCK's lack of a trigger guard "already caused an unintended discharge last week" is false and defamatory of CAA USA and disparaging to its MCK product. There was no such unintended discharge.

33. The exclusion of a "trigger guard" or similar latch mechanism from the design for MCK conversion kits does not make the MCK conversion kits dangerous or unsafe.

34. The MCK conversion kit is only compatible with certain handguns, all of which have safety features of their own. The MCK conversion kit does not interfere with or diminish the effectiveness of any of these safety features.

35. An MCK conversion kit is just as safe as the handgun with which it is used, and it is false to claim, as CAA Israel and Oz have, that an MCK conversion kit's lack of a "trigger guard" is dangerous, unsafe, and hazardous.

36. Moshe Oz is a former Israeli commando, a holder of certain patents related to pistol-to-carbine conversion kits, and a businessman with at least 15 years of experience in the firearms industry.

37. Moshe Oz and CAA Israel knew or recklessly disregarded the falsity of their defamatory statements and implications of and concerning CAA USA and the MCK conversion kits at the time they published them to third parties.

38. Moshe Oz and CAA Israel maliciously published to third parties their false and defamatory statements and implications of and concerning CAA USA and the MCK conversion kits with the primary intent of injuring CAA USA and its MCK conversion kits, and not to convey any legitimate information concerning CAA USA or its product.

39. Moshe Oz and CAA Israel's statements and implications concerning the danger posed by MCK conversion kits and by ME Technology, Inc.'s sale of such kits are actionable per se.

40. Moshe Oz and CAA Israel's statements and implications are also the proximate cause of harm in excess of $75,000 to CAA USA's reputation, profits, and MCK conversion kits.

WHEREFORE, ME Technology, Inc. d/b/a CAA USA demands judgment in its favor and against Moshe Oz and CAA Industries Ltd. awarding ME Technology, Inc. general damages, special damages, punitive damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT III—LIBEL
**(False Allegations of Trademark Infringement)**

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if set forth herein.

42. The published statements that "whoever sells and uses it [MCK] uses their good name to attract sale which is a clear violation of CAA trademark" is false and defamatory of CAA USA and disparaging to its MCK product. CAA Israel does not have a trademark for the name "CAA," and indeed recognized that CAA USA would continue to use that name. *See* Agreement ¶ 4(e)(iii) ("Moshe and CAA Israel hereby represent and warrant that they have abandoned any application for registration of the U.S. Trademark 'CAA,' and that neither Moshe nor CAA Israel will make any further efforts to register 'CAA' as a trademark.").

43. In short, the statements in the Letter of and concerning CAA USA's violation of CAA Israel's trademarks and sale of products are false and defamatory of ME Technology, Inc. and disparaging to its MCK conversion kit because CAA Israel does not have a trademark on

the name "CAA."

44. Moshe Oz and CAA Israel knew or recklessly disregarded the falsity of their statements and implications of and concerning CAA USA's use of CAA Israel's trademarks and sale of products at the time that they published them to third parties.

45. Moshe Oz and CAA Israel maliciously made their false and defamatory statements and implications of and concerning CAA USA's use of CAA Israel's trademarks and sale of products with the primary intent to injure CAA USA, and not to convey any legitimate information to consumers concerning the source or origin of any product sold by CAA USA or CAA Israel.

46. Moshe Oz and CAA Israel's statements and implications of and concerning CAA USA's use of CAA Israel's trademarks and sale of products are actionable per se.

47. Moshe Oz and CAA Israel's statements and implications of and concerning CAA USA's use of CAA Israel's trademarks and sale of products are also the proximate cause of harm in excess of $75,000 to CAA USA's reputation, profits, and MCK conversion kits.

WHEREFORE, ME Technology, Inc. d/b/a CAA USA demands judgment in its favor and against Moshe Oz and CAA Industries Ltd. awarding ME Technology, Inc. general damages, special damages, punitive damages, costs, and such other and further relief as the Court deems just and proper.

Dated: July 28, 2021

Respectfully submitted,

By: <u>*/s/ William K. Hill*</u>
William K. Hill
Florida Bar No.: 747180
Steven Sukert
Florida Bar No.: 1022912
**GUNSTER, YOAKLEY & STEWART**, **P.A**.
*Counsel for Plaintiff*
Brickell World Tower
Suite 3500
600 Brickell Avenue
Miami, FL 33131
Telephone: (305) 376-6092
Facsimile: (305) 376-6010

*Attorneys for Plaintiffs*